UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON SHANE DAVIS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 04-CV-2590-B |
| | § | ECF |
| ANDERSEN-ASI, L.L.C., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM ORDER</u>

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint (doc. 49), filed

January 27, 2006.  In their Motion, which is opposed, Plaintiffs seek to add a new defendant

(Andersen & Associates, Inc.) to this case in light of issues raised by discovery.  After review of the

pleadings, the Court **DENIES** Plaintiffs' Motion because Plaintiffs have not shown good cause for

amending the existing Scheduling Order.  The Court also **DENIES** Plaintiffs' Request for Hearing

(doc. 53), filed February 24, 2006 and **ORDERS** the Clerk to **STRIKE** Plaintiffs' First Amended

Complaint (doc. 51), which was prematurely filed before leave was granted.

Plaintiffs filed this case on October 28, 2004 in Texas state court, bringing a variety of causes

of action regarding Plaintiff Clinton Davis's on-the-job injury.  Defendant removed the case on

December 3, 2004, and following a scheduling conference, the Court entered the current Scheduling

Order in February 2005.  The Scheduling Order set August 18, 2005 as the deadline for joining

parties and filing amended pleadings.  (doc. 11)  The parties have twice filed stipulations extending

that deadline to October 28, 2005 and then January 6, 2006; however the Court's Scheduling Order

does not permit extension of the pleadings deadline without a showing of good cause and leave of Court.  (Sch. Ord. ¶ 11)  Therefore, the parties' stipulations are ineffective to extend the deadline, and this Motion comes over five (5) months after the pleadings deadline passed.

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15.  *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of good cause.  *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); *see also* FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . ..").  Plaintiffs do not discuss Rule 16(b) in their briefing, instead basing their arguments on Rule 15(a)'s more liberal amendment standard.  FED. R. CIV. P. 15(a) (leave to amend "shall be freely given when justice so requires").  Rule 15(a), however, only comes into play once the moving party has demonstrated good cause under Rule 16(b).  *S&W Enters.*, 315 F.3d at 536.

"The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order."  *Forge v. City of Dallas*, No. 3:03-CV-0256-D, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004).  A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause.  *Id.*  Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline."  *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)).  The Court now considers whether Plaintiffs have shown

good cause to amend the pleadings deadline set in the Scheduling Order.

As noted above, Plaintiffs seek to add Anderson & Associates, Inc. as a new Defendant after discovering that Andersen & Associates sold the device that injured Davis to Davis's employer.[1] Plaintiffs assert that they were unaware of Andersen & Associates, Inc.'s involvement in the underlying facts until they deposed Defendant's representative. (Pls. Mot. p. 2)  The deposition of Defendant's representative did not happen until January 17, 2006 due to Plaintiffs' counsel's duties as a member of the Texas Legislature, which lasted until August 19, 2005, and a subsequent five-month delay by Defendant in producing a representative. (*Id.*)  Defendant, however, produced evidence indicating that, while Plaintiffs may not have been aware of Andersen & Associates, Inc.'s specific role, Plaintiffs were aware that Andersen & Associates had some involvement in the facts of this case. (*See generally*, Def. Resp. App.)  Defendant then argues that Plaintiffs' failure to follow up with written discovery regarding Andersen & Associates, Inc. should result in denial of their current Motion for Leave.

The Court agrees.  Relying on the above precedent, the Court finds that Plaintiffs have not shown "good cause" for granting their Motion.  Plaintiffs commenced written discovery in this case over one year before filing the instant Motion for Leave, and over eight months before the pleadings deadline. (Def. Resp. App. p. 2 [showing Defendant's discovery responses were made in December 2004])  They offer no explanation as to why Andersen & Associates, Inc.'s involvement in this case could not have been discovered earlier through written discovery, and indeed, the question of who sold the device at issue to Davis's employer seems a straightforward inquiry.  The Court set the

---

[1] Current Defendant Andersen-ASI, L.L.C. is alleged to have manufactured the device.

schedule in this case after holding a scheduling conference to discuss Plaintiffs' counsel's duties as a legislator and made allowances in the schedule for that reason.  Plaintiffs simply have not identified sufficient good cause for the Court to amend the Scheduling Order at this time.   Therefore, the Court **DENIES** Plaintiffs' Motion for Leave to File Amended Complaint, as well as Plaintiffs' Request for Hearing on the Motion.  The Court also **ORDERS** the Clerk to **STRIKE** Plaintiffs' First Amended Complaint, which was prematurely filed before leave was granted.

SO ORDERED.

SIGNED February  27th  , 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 4 -